JOHNSON, Judge.
Mrs. Anderson brings this appeal following entry of final summary judgment in favor of the defendant insurance company. Suit was instituted after the company refused to pay to Mrs. Anderson the proceeds of an insurance policy in which she was named beneficiary. The position of the company is that the insured made a false and untrue statement in the application which was a substantial misrepresentation and concealment of a material fact.
John V. Anderson, II, son of the plaintiff below, applied for the policy on April 16, 1964, and to the question “Have you made any aerial flights in last 5 years as a pilot or crew member?” answered in the negative. It is undisputed that he held a student pilot certificate and had, within the previous five years, participated in the Air Force R.O.T.C. program while a college student and had 20 hours dual time and 16]/2 hours solo time to his credit. John Anderson died on July 13,1964, in a military air craft accident near Laughlin Air Force Base, Texas, in which he was participating as a student pilot.
The trial judge found that, although the deceased was not considered a military pilot nor was he a private licensed pilot, the plain, ordinary and popular sense definition of the term “pilot” should apply, such meaning being “one who actually operates and flies the aircraft in the course of an aerial flight.” Based on such construction of the term *446 “pilot” the trial judge ruled that the deceased had given an incorrect answer to the question mentioned above, therefore plaintiff was precluded from recovering and final summary judgment in favor of the defendant company was entered.
The answer of the defendant, appellee, charged that the issuance of the policy of insurance was obtained through false representation, fraud and substantial misrepresentation of a material fact and concealment of the true facts
The appellant admits in her brief (page 3) that within the five year period referred to in the application, plaintiff’s son had been in the United States Air Force R.O.T.C. while in college. While in R.O.T.C. training to be a pilot, plaintiff’s son “operated, manipulated, and flew an airplane. He made dual and solo flights as a student pilot, received a student pilot certificate and his second lieutenant bars.” (Emphasis supplied.) This statement is supported by the record before us, as it was before the trial •court. The question asked in the application for insurance, being question numbered '8, is as follows:
“8. Have you made any aerial flights in last S years as a pilot or crew member? (if yes, furnish details or submit aviation Questionnaire).”
This question does not appear to us to be ambiguous or subject to more than one interpretation. Admittedly, the insured had flown an air craft as a student pilot. He was actually engaged in aviation. The question 8 supra, in addition to asking for a “yes or no” answer, also requested explanation of the details if the answer was yes. The question used the word “pilot” without further description as to whether it referred to a “licensed” pilot, “military” pilot or “student” pilot. There could have been no confusion on the part of the applicant, for if there had been, the question raised requested an explanation.
We think the trial court was correct in its interpretation of the facts from the record before it; that the giving of the incorrect answer to question 8 of the application, supra, was false and constituted a substantial misrepresentation of a material fact sufficient to preclude the plaintiff-appellant from recovery.
Having made such correct determination, there did not remain any genuine issue as to any material fact and the trial court was correct in granting the motion for summary final judgment.
Affirmed.
WIGGINTON, Acting C. J., and SACK, J., concur.